### OCTOBER TERM, 1730.

### MASON'S Lessee *vs.* SMALLWOOD.

EJECTMENT for part of a tract of land called *Christian Temple,* lying in Charles county. *Non cul* pleaded, and issue joined. Verdict and judgment for the plaintiff. Appeal to the Court of Appeals.

*E. Jenings,* for Plaintiff.

*Cumming* and *Beckingham,* for Defendant.

JUDGMENT *affirmed* in the Court of Appeals at April term 1732.

*Goldsborough,* in his argument in *M'Keel* vs. *Woolford,* at October term 1766, stated, that in this case, *(Mason* vs. *Smallwood,)* it was first decided that a deed of bargain and sale, executed off the land, was held to be void.

*S. Chase,* in his argument in *Helms* vs. *Howard,* at October 1784, (in *M. S.*) observed, that no person could make a deed of bargain and sale if not in actual possession at the time of the sale. If not in possession, the deed must be sealed upon the land, upon an entry for that purpose, for the entry put the party grantor into possession and purges disseisin—2 *Inst.* 672. *Carter,* 161. 3 *Lev.* 312, 387, 388. 1 *Lev.* 270. *Cro. Eliz.* 483, *pl.* 19; 446, 447, *pl.* 1. 2 *Rep.* 24, *a.* 54, *a.* 2 *Co.* 31. *Noy.* 78. *Co. Lit.* 49, *a.* 48, *b.* 214, *a.* The case of *Col. Mason* and *Smallwood,* the first case in which it was determined that if bargainor was not in possession of the land sold, the deed of bargain and sale was void. *Shep. T.* 218. 1 *Bac. Ab.* 274, 275—any freehold in possession, reversion, or remainder, upon an estate for life or years, or in soil, may be bargained and sold— 9 *Vin. Ab.* 448, *pl.* 17; 449, *pl.* 19. 1 *Wood Conv.* 715. *Co. Lit.* 15, *b.* 9 *Vin.* 449, *pl.* 19.

—————§—————

### MAY TERM, 1731.

### WEEMS *et Ux.* Lessee, *vs.* MACKALL.

EJECTMENT for *Magruder,* lying in Calvert county. PLEA in *abatement,* that *James Weems,* one of the lessors of the plaintiff, had no claim to the land in dispute, except in right of *Sarah* his wife, and that the said *Sarah,* at the time of the demise in the declaration, was under the age of 21 years. DEMURRER and JOINDER.

JUDGMENT upon the demurrer for the plaintiff.

*E. Jenings,* for the Plaintiff.

*Dulany,* for the Defendant.